[No. 521.   August 5, 1892.]

## TERRITORY OF NEW MEXICO, APPELLEE, V. WILLIAM DAVIS, APPELLANT.

CRIMINAL LAW—MURDER—CHALLENGE TO ARRAY OF JURY—APPEAL.—
On appeal, in a prosecution for murder, submitted on the record, a challenge to the array of the jury must be in writing, and state specifically the ground of the challenge; otherwise an objection to the array appearing in the record will not be considered.

ID.—ERRORS—BILL OF EXCEPTIONS.—Nor will alleged errors in rulings on evidence be considered, on appeal, in such case, where there is no bill of exceptions.

APPEAL, from a judgment convicting defendant of murder, from the Third Judicial District Court, Grant County.   Judgment affirmed.

The facts are stated in the opinion of the court.

A. J. FOUNTAIN and BELL & WRIGHT for appellant.

EDWARD L. BARTLETT, solicitor general, for appellee.

LEE, J.—The record in this case does not properly present any question for the consideration of the court. The appellant was convicted, at a special term of the district court for the county of Dona Ana, of the crime of murder in the third degree, and sentenced to the penitentiary for the period of seven years, from which judgment he appealed to this court, filing the required affidavit that the appeal was not taken for delay, etc. Under the provisions of the statute entitling him to have his case reviewed by this court, which operated as a supersedeas or stay of proceedings in said court below, the clerk of the district court, as required by statute in such cases, certified and returned the record

to this court.    No counsel appearing on behalf of the appellant, the solicitor general, on the part of the territory, submitted the case to this court upon the record.    There is no bill of exceptions bringing up the evidence or presenting exceptions taken to the rulings of the court below, but, as the defendant in a criminal case in this territory is not required to assign or join in error, we have carefully reviewed the proceedings, and find but one objection made, and that is, as the record shows, that the defendant, before the impaneling, entered a challenge to the array of the jury, but it does not appear for what reason.    The grounds of challenge to a jury must be specifically stated, and the challenge to the array must be in writing.    1 Thomp. Trials, section 98.    The record shows that an exception was taken to the ruling of the court in not sustaining the challenge, but it does not show that the challenge was in writing, or the grounds upon which it was made; therefore, there is nothing for this court to consider in regard to it.    A motion for a new trial was made:    First, for the reason that the verdict was contrary to law; second, that it was contrary to the evidence; third, that the court erred in its rulings as to the admission of improper evidence; and, fourth, in overruling the challenge above referred to as to the legality of the jury.    It does not appear in the record wherein the verdict was contrary to the law, and, as we have not been able to discover any error, we can not sustain that objection.    As the evidence has not been brought up by a bill of exceptions, and is not before us, we can not consider any objections in regard to any ruling that may have been made in regard to it, and, as this covers all the other objections that appear in the motion, it leaves nothing for us to consider.    The judgment will be affirmed.

*Murder: challenge to array of jury: appeal.*

*Errors: bill of exceptions.*

O'BRIEN, C. J., and FREEMAN, J., concur.